NO. 07-08-0491-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 29, 2009
_____

IN RE MEGAN LEE DOZIER,

Relator
_____

*Dissent*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

I respectfully dissent from the majority opinion and would deny the application for writ of mandamus.

Dozier and Brian Barkley, a married couple who had a child together, were divorced via a lawsuit filed in Potter County. Dozier and the child allegedly had been living in Cottle County since the filing of the divorce petition. After doing so, she eventually filed a motion requesting the Potter County Court to modify aspects of the divorce and custody decree. So too did she move to transfer venue of the matter to Cottle County since she and the child purportedly had lived in that county for at least six months prior to initiation of the proceeding. The trial court convened an evidentiary hearing to consider the transfer

request and ultimately denied it. Dozier believed this to be an abuse of discretion given the terms of the applicable venue statute.[1]

Underlying the trial court's determination is the question of whether or not Dozier and the child had resided in Cottle County for the requisite period of time before seeking transfer. Though Dozier testified that they did, other evidence illustrated that the Cottle County house she supposedly lived in was vacant, that she periodically stayed with her boyfriend in a neighboring county, and that she told Barkley that she had a new address in Randall County. Thus, the trial court was obligated to consider the credibility of the parties, weigh the evidence and decide if the child had indeed lived in Cottle County for the last six months. And, because it did, I would deny mandamus because an appellate court may not grant such relief when resolution of a fact issue underlies the trial court's decision. *Mendoza v. Eighth Court of Appeals*, 917 S.W.2d 787, 789 (Tex. 1996) (prohibiting an appellate court from disturbing a trial court's factual determinations via an original mandamus proceeding); *Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712, 714 (Tex. 1990) (recognizing that an appellate court may not deal with disputed issues of fact via a mandamus proceeding).

Brian Quinn
Chief Justice

---

[1]According to that provision, "[i]f a suit to modify . . . is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court *shall* . . . transfer the proceeding to another county . . . if the child has resided in the other county for six months or longer." TEX. FAM. CODE ANN. §155.201(b) (Vernon 2008) (emphasis added).